**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-09-CR-568 LY** |
| | § | |
| **ISSAC LEYVA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.  The Court conducted a hearing on June 13, 2012, and

heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking

to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On January 14, 2010, Judge Yeakel sentenced the Defendant to 24 months of imprisonment,

followed by one year of supervised release, for aggravated identity theft, in violation of 18 U.S.C.

§ 1028A(a)(1).  On July 12, 2011, the Defendant was released from the Bureau of Prisons and

commenced his supervised release term.  The Defendant relocated to Ft. Stockton, Texas, as he had

family and contacts there.  He participated in substance abuse treatment.  In January 2012, the

Defendant stopped reporting to his probation officer, though he did meet with his officer on January

26, 2012, at a home visit.  He failed thereafter to report as he was required to.

On May 10, 2012, based on the defendant's absconding, the Probation Office submitted its petition alleging that the Defendant violated his conditions by failing to report as directed. The undersigned authorized the issuance of a warrant that day. The Defendant was arrested on that warrant on May 17, 2012, and had an initial appearance in the Pecos Division on May 18, 2012, and was thereafter transported to this division. On June 13, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II. FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of his statutory and constitutional rights.

11.     The Defendant violated conditions of his supervised release by failing to report as directed, and by failing to notify the probation office of a change in his address.

## III.    RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 8 to 12 months of imprisonment.  Having considered all of the above, and given that there is no evidence that the defendant engaged in any criminal conduct or used controlled substances when he was not reporting, the undersigned RECOMMENDS that the Defendant be sentenced to 4 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of June, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE